ASCHERENKA *v.* LONSDALE MANUFACTURING CO.

*Attachment—Answer of garnishee denying indebtedness insufficient to discharge attachment—Grounds for motion to discharge attachment limited to affidavit—Election of another remedy and injunction to be pleaded in answer.*

1. The answer of a garnishee that he is not indebted to the defendant is not of itself sufficient to warrant the discharge of an attachment.

2. The grounds stated in a motion to discharge an attachment, that plaintiff had entered his appearance and elected to pursue his remedy in a chancery court of another jurisdiction and was enjoined by said chancery proceeding from prosecuting his claim against defendant in any other cause, are matters of defense and cannot be presented on a hearing on such motion to discharge.

(Decided September 25, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Leonard H. Freiberg,* for plaintiff in error.
*Mr. W. B. Mente,* for defendant in error.

[1] Garnishment, 28 C. J. § 564; [2] Id., 28 C. J. § 559.

Buchwalter, J.   The action below, filed in the Court of Common Pleas of Hamilton county by Louis M. Ascherenka, was for money for commissions claimed to be due the plaintiff under a contract with the defendant, the Lonsdale Manufacturing Company, a corporation under the laws of Tennessee.

An affidavit for attachment was filed, which set forth that the defendant company was a non-resident corporation, had not complied with the laws of Ohio, and that the Marietta Chair Company had in its possession money owing to the defendant company.

The Marietta Chair Company filed an answer, averring that it was not indebted to the Lonsdale Manufacturing Company; that a petition in involuntary bankruptcy had been filed in Knoxville, Tennessee, against that company; that Robert L. Bright had been appointed receiver; that, at the same time, a creditors' bill was filed in the chancery court against the defendant company; that the petition in bankruptcy was dismissed on July 15, 1922, Robert L. Bright then being appointed receiver by the chancery court, and acting as such receiver ever since; that in September, 1922, the plaintiff filed an intervening petition in said chancery court, setting up his claim for commissions and claiming a preference as a labor claim; and that said cause is still pending.   The answer of the Marietta Chair Company further states that on September 12, 1922, it purchased from Robert L. Bright, receiver of the Lonsdale Manufacturing Company, certain goods in excess of the amount

of plaintiff's claim, and that the amount due for
these goods is unpaid.

The plaintiff served defendant by publication,
and defendant then filed a motion to discharge the
attachment on three grounds:

1. That the Marietta Chair Company is not in-
debted to the defendant.

2. That plaintiff had entered his appearance
and elected to pursue his remedy in the chancery
court at Knoxville.

3. That in said chancery proceedings said
plaintiff was enjoined from prosecuting his claim
against the defendant in any other cause or pro-
ceeding.

At the hearing, on motion, defendant offered
certain duly certified copies of the proceedings had
in the chancery court in Tennessee, showing the
entering of the appearance of defendant, the
amount of his claim, and also the injunction granted
by that court.

The Court of Common Pleas sustained the de
fendant's motion, entered an order discharging the
attachment, and dismissed the cause. To this or-
der, plaintiff now prosecutes error.

As to the first ground stated, that the Marietta
Chair Company is not indebted to the Lonsdale
Manufacturing Company, that question is only pre-
sented by the answer of the garnishee, which, of
itself, is not sufficient to warrant the discharge of
the attachment. It was held in *Penn. Rd. Co.* v.
*Peoples*, 31 Ohio St., 537, paragraph one of the
syllabus:

"An attachment will not be discharged on the
ground that it appears from the answer of the

garnishee that he is not indebted and has no property in his possession belonging to the defendant.''

See also *Natl. Bank of New London* v. *L. S. & M. S. Ry. Co.,* 21 Ohio St., 221.

The second and third grounds stated in the motion are that plaintiff having elected to sue in the chancery court at Knoxville is now estopped to prosecute this action, and that plaintiff having become a party to the proceedings in such chancery court is subject to the injunction therein issued and can only prosecute his claim in that court.

These are matters of defense to be set up by plea or answer. It must be borne in mind that the hearing in the trial court was on motion to discharge the attachment. This raises an issue as to the averments in the affidavit for attachment and does not go to the question of the merits of the cause; nor to any matters in defense which should properly be set up by answer. The matters to be determined on a motion to discharge are those which are included in the statutory provisions upon which the attachment issues. We therefore hold that the question of election on the part of plaintiff, and also that of the injunction, cannot be presented upon a hearing on the motion to discharge. *Jenks* v. *Richardson,* 35 W. L. B., 120; *Alexander* v. *Brown,* 2 Disney, 395.

The judgment of the Court of Common Pleas will be reversed and the cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

CUSHING and HAMILTON, JJ., concur.